IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CASE NO. 5:17-CR-22 (MTT) |
| | ) |
| DELMA GODDARD, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

Delma Goddard has moved the Court to limit his monthly payments required for his Inmate Financial Responsibility Plan (IFRP) payment schedule.[1] Doc. 723. Because this Court lacks subject matter jurisdiction to entertain Goddard's request, his petition is **DISMISSED** without prejudice.

**I. BACKGROUND**

After a jury convicted Goddard of twenty-three drug and firearm offenses, this Court sentenced him to a total term of imprisonment of 145 years and ordered him to pay a total assessment of $2,300.00, representing $100.00 for each count of conviction, pursuant to 18 U.S.C. § 3013(a)(2)(A). Doc. 587. This Court ordered payment to begin immediately, directing that "payment shall be due during the period of imprisonment at the rate of not less than $25 per quarter and pursuant to the bureau of prisons' financial responsibility program." *Id.* at 8. No restitution was imposed. *Id.* at 7. To date,

---

[1] Goddard initially refers to his IFRP as his "Dedicated Payment Plan for Financial Responsibility monies (FRP)," Doc. 723 at 1, but he later refers to the payment schedule as "his IFRP obligation" in his reply brief. Doc. 727 at 2. In any event, these terms appear to be synonymous.

Goddard remains incarcerated at the Lexington Federal Medical Center in the Eastern District of Kentucky.  Docs. 723 at 3; 727 at 6.

Goddard asks the Court to intervene and adjust the IFRP payment schedule set by the Bureau of Prisons (BOP) because the $50.00 per month the BOP is requiring him to pay substantially exceeds the $25.00 quarterly minimum directed by this Court at sentencing.  Doc. 723 at 1.  According to Goddard, the $50.00 per month payment imposes a hardship on him, and he asks this Court to direct the BOP to adjust his IFRP payments to $25.00 per quarter or no more than $35.00 per quarter.  Doc. 723 at 2.

In its response, the Government contends that the motion should be denied because this Court is without jurisdiction to address Goddard's petition, and the proper method for Goddard to pursue relief is by filing a 28 U.S.C. § 2241 motion in the United States District Court for the Eastern District of Kentucky where the Lexington Federal Medical Center is located.[2]  Doc. 726 at 5–7.  In his reply brief, Goddard counters that because "this Court ordered the assessment payment and quoted a minimum payment amount, the Court obviously has jurisdiction to establish a payment schedule."  Doc. 727 at 1.

---

[2] The government also notes Goddard has no record of challenging the IFRP using the administrative remedy process, Doc. 726-4, and even if he had satisfied the exhaustion requirement, Goddard has failed to offer anything that would support a decision by this Court to significantly reduce his special assignment obligation.  Doc. 726 at 10.

## II. DISCUSSION

### A. Inmate Financial Responsibility Plan (IFRP)

The BOP implemented the IFRP to assist inmates in developing financial plans to meet their legitimate financial obligations.  28 C.F.R. § 545.10.  An inmate makes payments under the IFRP according to a plan developed by BOP staff with unit staff periodically monitoring that inmate's progress in meeting his obligations under the plan.  28 C.F.R. at § 545.11.  Under the IFRP, an inmate may make payments using any combination of funds earned while in detention ("institution resources") or from funds given to the inmate from family or friends ("community resources").  28 C.F.R. at § 545.11(b).  While the IFRP mandates an inmate pay no less than $25.00 per quarter, the minimum payment may exceed $25.00 based on the inmate's specific financial obligations, institution resources, and community resources.  28 C.F.R. at § 545.11(b)(1).

An inmate's financial obligation under his IFRP includes any special assessment or restitution imposed at sentencing.  28 C.F.R. § 545.11(a)(1); *see also Williams v. Pearson*, 197 F. App'x 872, 876–77 (11th Cir. 2006) (discussing 28 C.F.R. § 545.11).  BOP officials periodically help each inmate make new IFRP plans by considering credits for past payments and IFRP mandated financial obligations, such as the $2,300.00 special assessment at issue here.  *Driggers v. Cruz*, 740 F.3d 333, 335 (5th Cir. 2014) (providing a detailed explanation of the IFRP).  Special assessments imposed under 18 U.S.C. § 3013(a)(2)(A) are likely given the highest priority because a defendant's obligation to pay a special assessment ceases five years after the date of judgment.  *See* 28 C.F.R. § 545.11(a)(1); 18 U.S.C. § 3013(c).

In this case, both parties agree that since Goddard began participating in the IFRP on February 11, 2019, he has paid $675.00 towards his special assessment debt, leaving a balance of $1,625.00. Docs. 726 at 5; 727 at 2. Indeed, the gravamen of Goddard's petition appears to be that the BOP staff member overseeing his IFRP "has taken it upon himself to double" the $25.00 quarterly minimum imposed by this Court. Doc. 727 at 2. As such, he asks this Court to grant him relief by adjusting his IFRP to greatly reduce his payment obligations. Doc. 723 at 2.

**B. Goddard's Remedy is a 28 U.S.C. § 2241 Motion**

To the extent that Goddard objects to the BOP's calculation of his special assessment payments under the IFRP, the Eleventh Circuit has held the proper vehicle for that challenge is a § 2241 motion. *United States v. Warmus*, 151 F. App'x 783, 786–87 (11th Cir. 2005); *Williams*, 197 F. App'x at 876 (citing *Warmus* and holding that to the extent an inmate's claim is a challenge to the IFRP regulations and the manner in which the sentence is being executed, 28 U.S.C. § 2241 is the proper statute for bringing suit); *United States v. Gola*, 698 F. App'x 602, 604 (11th Cir. 2017) (holding that inmate's claim that he was coerced into participating in the financial responsibility program would have to be presented in a 28 U.S.C. § 2241 petition filed in the district of his confinement). Moreover, any challenge to IFRP payment plans under 28 U.S.C. § 2241 must be brought in the district of confinement and after all administrative remedies have been exhausted. *See United States v. Diggs*, 578 F.3d 318, 319 (5th Cir. 2009) (citing cases); *McGee v. Martinez*, 627 F.3d 933, 937 (3d Cir. 2010) (citing *Diggs* and holding that IFRP payment schedules and the sanctions imposed by the BOP for IFRP

noncompliance are part of the execution of a defendant's sentence and, as such, "fall[] under the rubric of a § 2241 habeas petition").

Finally, Goddard cites *Cani v. United States*, 331 F.3d 1210, 1215 (11th Cir. 2003), for the proposition that "the district court 'enjoyed subject matter jurisdiction' to consider a new payment schedule and may modify a final order of payment schedule." Doc. 727 at 3.  But as the government correctly contends, *Cani* concerned only the district court's ability to retain subject matter jurisdiction to modify a final order of restitution upon a showing of material change in the defendant's circumstances pursuant to 18 U.S.C. § 3664(k).  Doc. 726 at 8 (discussing *Cani*, 331 F.3d at 1215–16). Indeed, nothing in 18 U.S.C. § 3664(k)—which addresses procedures for issuance and enforcement of restitution orders—suggests that the statute is intended to override an inmate's statutory obligation under 18 U.S.C. § 3013.  Because the Court only ordered payment of a special assessment and not restitution, *Cani* is inapplicable here.

Accordingly, any relief sought by Goddard must be sought through a 28 U.S.C. § 2241 habeas petition filed in the Eastern District of Kentucky and after Goddard has exhausted the BOP's administrative grievance system.  Thus, Goddard's petition is **DISMISSED** without prejudice.

**SO ORDERED**, this 15th day of September, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT